**KUEI SEN–TUNG, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 90–2534.

United States District Court, District of Columbia.

Jan. 29, 1991.

John M. Facciola, Asst. U.S. Atty., Washington, D.C., for the U.S.

Kuei Sen–Tung, Lewisburg, Pa., plaintiff pro se.

ORDER

REVERCOMB, District Judge.

Plaintiff Kuei Sen–Tung is a national of Taiwan, who was extradited from Brazil to stand trial in the United States District Court for the Southern District of New York and was convicted and sentenced to twenty years' imprisonment. He also stood trial on murder charges in a California state court and was convicted and sentenced to twenty-seven years to life imprisonment. California then returned the plaintiff to the federal prison authorities who are now incarcerating the plaintiff in the United States Penitentiary in Lewisburg, Pennsylvania. California has lodged a detainer with the federal prison authorities indicating that California intends to incarcerate the plaintiff subsequent to his federal sentence. The plaintiff claims that the California sentence was imposed in violation of a term of the extradition treaty between the United States and Brazil which limits his maximum potential sentence to thirty years imprisonment.

The defendant has filed a Motion to Dismiss. The plaintiff has opposed the motion.

■ The plaintiff alleges that the California court incorrectly interpreted the treaty and is seeking relief from the confinement that will be imposed upon him by the California court. Despite the plaintiff's contention that this case is properly before this Court under its federal question jurisdiction, the plaintiff is asserting that the California court that issued his detainer was in violation of the Treaty between the United States and Brazil. Therefore, he must proceed in *habeas corpus*. 28 U.S.C. § 2254(a) (... a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or *treaties* of the United States) (emphasis added); *Chatman–Bey v. Thornburgh*, 864 F.2d 804, 808–809 (D.C.Cir.1988) (challenge to present or future confinement must be made by habeas corpus).

■ A court may not entertain a *habeas corpus* action unless it has personal jurisdiction over the custodian of the prisoner. *Guerra v. Meese*, 786 F.2d 414, 415 (D.C.Cir.1986). In this case, the official who issued the detainer in California is deemed the plaintiff's custodian for purposes of attacking the detainer. This Court lacks personal jurisdiction over an official of the State of California, and therefore, the case must be dismissed. The plaintiff may file an appropriate *habeas corpus* action in the California State court where the detainer was issued.

For the foregoing reasons, it is ORDERED that the case is dismissed.